Robert H. Scott (USB #10981)
Alan M. Hurst (USB #15637)
**AKERMAN LLP**
170 South Main Street, Suite 950
Salt Lake City, UT  84101
Phone:  (801) 907-6900
Fax:  (801) 355-0294
Email:  robert.scott@akerman.com
            alan.hurst@akerman.com

*Attorneys for Wells Fargo Bank, N.A. as indenture trustee
for the registered holders of IMH Assets Corporation,
Collateralized Asset-Backed Bonds, Series 2004-11*

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RAY E. NORTON, LARUE NORTON, and DIANA NORTON NAYLOR, | |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. | Case No. |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 *et seq.,* defendant Wells Fargo Bank, N.A., as indenture trustee for the registered holders of IMH Assets Corporation, Collateralized Asset-Backed Bonds, Series 2004-11 (**Wells Fargo**) hereby gives notice of its removal to this Court of Civil Action No. 160500101, entitled *Ray E. Norton v. Wells Fargo Bank, N.A.,* from the Fourth Judicial District Court, Wasatch County, State of Utah (**state court**), and, in support thereof, respectfully state as follows:

{40064287;2}

# I. STATEMENT OF THE CASE

1. On October 28, 2016, plaintiffs Ray E. Norton, LaRue Norton, and Diana Norton Naylor (**plaintiffs**) filed a civil complaint in the state court. A true and correct copy of the complaint, is attached hereto as Ex. 1. Plaintiffs' complaint purports to state causes of action for: (1) declaratory judgment; (2) quiet title; and (3) injunctive relief.

2. The Fourth Judicial District Court, Wasatch County, State of Utah, is a state court within this district and division.

3. This case is properly removable pursuant to 28 U.S.C. § 1332(a), which provides, in pertinent part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States. . . .

4. This Petition for Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. According to Plaintiffs' proof of service, Wells Fargo was served with the summons and complaint on October 31, 2016. A true and correct copy of the proof of service is attached hereto as Ex. 2. Accordingly, Wells Fargo timely files this petition for removal within thirty (30) days of the time that it was served with the summons and complaint. *See* 28 U.S.C.

§ 1446(b)(2)(B).

6. This action was commenced less than one (1) year ago.

## II. DIVERSITY JURISDICTION

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The amount in controversy must also exceed $75,000. *See* 28 U.S.C. § 1332(a).

8. Plaintiffs are residents of Wasatch County, Utah. (Compl., ¶¶ 1, 9).

9. Defendant Wells Fargo is a national bank, with its main office located in Sioux Falls, South Dakota. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Wells Fargo therefore is a citizen of South Dakota and is not a citizen of Utah.

10. The defendant is diverse from all plaintiffs, and no defendants are citizens of the State of Utah.

11. The amount in controversy also exceeds $75,000. Plaintiffs' complaint challenges a $186,900.00 deed of trust (the **deed of trust**) against the real property located 210 South 200 East, Midway, Utah 84107 84107 (the **property**). (Compl., ¶¶ 5-6). Recent tax assessments show the property to be worth $244,314.00. (*See* Wasatch County Parcel Value Summary, submitted herewith as Ex. 3.)

12. Plaintiffs seek a declaration finding the deed of trust void and unenforceable and

seek to quiet title to the property in their favor, free and clear of the deed of trust. (Compl., ¶¶ 27-32). In the Tenth Circuit, in cases seeking declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *See Lovell v. State Farm Mutual Automobile Insurance Company,* 466 F.3d 893, 897 (10th Cir. 2006).

13. Accordingly, the amount in controversy is satisfied because the value of the property and the deed of trust exceeds $75,000.

### III. ALL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

14. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15. This matter has not been previously removed.

16. Removal at the present time will not result in any prejudice to plaintiffs as the matter is in the initial pleading stage and no discovery has occurred.

17. Pursuant to 28 U.S.C. § 1446(a), a copy of all remaining process, pleadings and orders served upon Defendants are attached hereto as Exhibit 4.

18. Nothing in this Petition for Removal shall be interpreted as a waiver or relinquishment of Wells Fargo's right to assert any defense or affirmative matter, whether pursuant to FED. R. CIV. P. 8(c), FED. R. CIV. P. 12(b), or otherwise, including, but not limited to, the defenses for failure to state a claim upon which relief can be granted or insufficient service of process. Wells Fargo intends no admission of fact, law or liability by this petition and notice, and expressly reserve all defenses, motions and/or pleas.

19. Wells Fargo herein reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

23. A copy of this Notice of Removal is being filed with the state court as provided under 28 U.S.C. § 1446. Wells Fargo is giving prompt written notice to Plaintiff of the filing of this Petition for Removal.

## IV. CONCLUSION

WHEREFORE, Wells Fargo respectfully requests that the state court action be removed to this Court, that all further proceedings in the state court be stayed, and that it receive all additional relief to which they are entitled.

Dated this 21st day of November, 2016.

          **AKERMAN LLP**

          By:*/s/ Robert H. Scott*
          Robert H. Scott
          Alan M. Hurst
          *Attorneys for Wells Fargo Bank, N.A. as indenture trustee for the registered holders of IMH Assets Corporation, Collateralized Asset-Backed Bonds, Series 2004-11*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2016, I caused a true and correct copy of the **NOTICE OF REMOVAL** to be served on the following persons in the manner indicated below at the following addresses:

Dwight Epperson
420 E. South Temple, Suite 470
Salt Lake City, Utah 84111
*Attorney for Plaintiffs*

☒ by **E-mail**
☐ by **CM/ECF**
☐ by **Facsimile Transmission**
☒ by **First Class Mail**
☐ by **Hand Delivery**


/s/ *Robert H. Scott*