IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **RAY E. NORTON, LARUE NORTON, and DIANA NORTON NAYLOR,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:16CV1185DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiffs Ray E. Norton, LaRue Norton, and Diana Norton Naylor's Motion for Temporary Restraining Order. On December 2, 2016, the court held a hearing on Plaintiffs' motion. At the hearing, Plaintiffs were represented by Dwight Epperson and Defendant was represented by Robert H. Scott and Alan M. Hurst. The court took the motion under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motions, the court issues the following Memorandum Decision and Order.

## BACKGROUND

On or about December 3, 2004, Plaintiff Diana Norton Naylor obtained a loan from North County Real Estate, Inc., dba HMC Funding, in the original principal amount of $186,900.00, represented in a Note she signed that same date. The Note is secured by a Trust Deed, also dated December 3, 2004, in which Naylor, as borrower and grantor, granted to HMC, as beneficiary, a lien on and security interest in property located at 210 South 200 East, in Midway, Utah.

After February 2010, Plaintiffs were unable to make a payment on the Note. On June 22, 2010, Naylor entered into a loan modification agreement that brought the loan current through August 1, 2010. Naylor defaulted under the Note and loan modification agreement by failing to pay as of September, 2010.

The Note that Naylor signed provided, in relevant part: "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." Note ¶ 7(B). "If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount." *Id.* ¶ 7(C). "Even if, at the time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time." *Id.* ¶ 7(D). The Note further explained to Naylor that "[t]his Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections to the Note Holder under this Note, a . . . Deed of Trust . . . , dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note." *Id.* ¶ 11.

The Trust Deed was assigned to Wells Fargo on March 19, 2012. On April 19, 2012, First American Title Co. of Utah, trustee under the Trust Deed, recorded a notice of default and accelerated the remaining payments under the loan. This Notice of Default states that Naylor was in default of her obligation under the loan by failing to make the monthly payment that was due September 1, 2010. The Trustee issued a Notice of Trustee's Sale, setting a foreclosure sale of the property on November 16, 2016.

Plaintiffs filed the instant action in state court on November 15, 2016. Defendants removed the case to federal court.

## DISCUSSION

Plaintiffs seek a temporary restraining order to prevent Defendant from foreclosing on their property. In order to obtain injunctive relief, the moving party must establish:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991). Because a preliminary injunction is an extraordinary remedy, the "right to relief must be clear and unequivocal." *Id.*

Plaintiffs argue that Defendant's ability to foreclose on the property is barred by the applicable Utah statute of limitations. Under Utah Code Annotated Section 57-1-34, "[a] person shall, within the period prescribed by law for the commencement of an action on an obligation secured by a trust deed: (1) commence an action to foreclose the trust deed; or (2) file for record a notice of default under Section 57-1-24." In this action, the parties dispute which "period prescribed by law," i.e. statute of limitation, applies to Defendant's proposed foreclosure of Plaintiffs' property.

Plaintiffs assert that six-year statute of limitation under Utah Code Annotated Section 78B-2-309 for an action on a written agreement should apply and run from the date that Plaintiffs first failed to make a monthly mortgage payment in February 2010. Defendant, however, contends that because the Note obligation secured by the Trust Deed is a negotiable instrument, the statute of limitations in the Uniform Commercial Code applies. The UCC statute of limitations, Utah Code Annotated Section 70A-3-118(1), provides that "an action to enforce the

obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." *Id.*

When two statutory provisions conflict, the more specific provision governs over the more general one. *Millett v. Clark Clinic Corp.*, 609 P.2d 934, 936 (Utah 1980).  "[W]here the Uniform Commercial Code sets forth a limitation period for a specific type of action, this limitation controls over an older, more general statute of limitations." *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984).

The specific UCC statute of limitation period applies to the Note and Trust Deed at issue in this case rather than the more general statute of limitation applicable to written contracts.  The obligation secured by the Trust Deed is a negotiable instrument .  The Note in question was ultimately due January 1, 2035, and accelerated on April 19, 2012.  Six years have not passed from either date and, thus, the statute of limitations has not run.

This is the same analysis adopted by *Van Leeuwen v. Bank of America*, 2015 WL 5618048, at *3 (D. Utah Sept. 24, 2015).  Plaintiffs cite *Tasila v. Isbell*, 2015 WL 1467589, *2 (D. Utah March 27, 2015), in support of their argument that Defendant's non-judicial foreclosure should be barred as untimely.  But in *Tasila*, the court ran the six-year statute of limitations from the date the trust deed matured, not the date the party failed to make payments.  Therefore, *Tasila* does not support Plaintiffs' position.

In this case, the statute of limitations has not run and does not bar Defendant from conducting a non-judicial foreclosure.  Accordingly, Plaintiffs have failed to establish any likelihood of success on the merits and their motion for a temporary restraining order is denied.

## CONCLUSION

Plaintiffs' Motion for Temporary Restraining Order is DENIED

DATED this 8th day of December, 2016.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge