IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **RAY E. NORTON, LARUE NORTON, and DIANA NORTON NAYLOR,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16CV1185DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss and Plaintiffs Ray E. Norton, LaRue Norton, and Diana Norton Naylor's Motion for Reconsideration. On March 8, 2017, the court held a hearing on the motions. At the hearing, Plaintiffs were represented by Dwight Epperson and Defendant was represented by Alan M. Hurst. The court took the motions under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motions, the court issues the following Memorandum Decision and Order.

## BACKGROUND

On or about December 3, 2004, Plaintiff Diana Norton Naylor obtained a loan from North County Real Estate, Inc., dba HMC Funding, in the original principal amount of $186,900.00, represented in a Note she signed that same date. The Note is secured by a Trust Deed, also dated December 3, 2004, in which Naylor, as borrower and grantor, granted to HMC, as beneficiary, a

lien on and security interest in property located at 210 South 200 East, in Midway, Utah.  On September 26, 2007, Diana Norton Naylor transferred the property to Ray E. Norton.

After February 2010, Plaintiffs were unable to make a payment on the Note.  On June 22, 2010, Naylor entered into a loan modification agreement that brought the loan current through August 1, 2010.  Naylor defaulted under the Note and loan modification agreement by failing to pay as of September, 2010.

The Note Naylor signed provided, in relevant part: "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." Note ¶ 7(B).  "If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount." *Id.* ¶ 7(C). "Even if, at the time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time." *Id.* ¶ 7(D).  The Note further explained to Naylor that "[t]his Note is a uniform instrument with limited variations in some jurisdictions.  In addition to the protections to the Note Holder under this Note, a . . . Deed of Trust . . . , dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note." *Id.* ¶ 11.

The Trust Deed was assigned to Wells Fargo on March 19, 2012.  On April 19, 2012, First American Title Co. of Utah, trustee under the Trust Deed, recorded a notice of default and accelerated the remaining payments under the loan.  This Notice of Default states that Naylor

was in default of her obligation under the loan by failing to make the monthly payment that was due September 1, 2010. The Trustee issued a Notice of Trustee's Sale, setting a foreclosure sale of the property on November 16, 2016.

Plaintiffs filed the instant action in state court on November 15, 2016. Defendants removed the case to federal court. Plaintiffs sought a temporary restraining order enjoining Defendant from foreclosing. However, this court denied the motion for preliminary injunction.

## DISCUSSION

### Motion to Dismiss

Defendant filed this motion to dismiss after the court denied Plaintiffs' motion for preliminary injunction. Defendant contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted because the applicable statute of limitations does not preclude Defendant's foreclosure of Plaintiff's property. Plaintiffs' claims for injunctive relief, quiet title, and declaratory judgment are all based on the argument that the Utah statute of limitations on foreclosure has already run.

The current version of Utah Code Annotated Section 57-1-34, which went into effect on May 10, 2016, provides that "[a] person shall, within the period prescribed by law for the commencement of an action on an obligation secured by a trust deed: (1) commence an action to foreclose the trust deed; or (2) file for record a notice of default under Section 57-1-24." Under the pre-May 10, 2016 version of Utah Code Annotated Section 57-1-34, "[t]he Trustee's sale of property under a trust deed, or an action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the obligation secured by the trust deed."

In this action, the parties dispute which "period prescribed by law," i.e. statute of

limitation, applies to Defendant's proposed foreclosure of Plaintiffs' property.  Plaintiffs appeared to originally assert that six-year statute of limitation under Utah Code Annotated Section 78B-2-309 for an action on a written agreement should apply and run from the date that Plaintiffs first failed to make a monthly mortgage payment in February 2010.  Plaintiffs then appear to have agreed with Defendant that because the Note obligation secured by the Trust Deed is a negotiable instrument, the statute of limitations in Utah's Uniform Commercial Code applies.  Plaintiffs agree that the Note is a negotiable instrument, but continue to contend that the statute of limitations provided in the UCC statute of limitations should run from the date of Plaintiff's first missed payment.

The UCC statute of limitations, Utah Code Annotated Section 70A-3-118(1), provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." *Id.*  When two statutory provisions conflict, the more specific provision governs over the more general one. *Millett v. Clark Clinic Corp.*, 609 P.2d 934, 936 (Utah 1980).  "[W]here the Uniform Commercial Code sets forth a limitation period for a specific type of action, this limitation controls over an older, more general statute of limitations." *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984).

The specific UCC statute of limitation period applies to the Note and Trust Deed at issue in this case rather than the more general statute of limitation applicable to written contracts.  The obligation secured by the Trust Deed is a negotiable instrument.  The Note in question is ultimately due January 1, 2035, and was accelerated on April 19, 2012.

In *Van Leeuwen v. Bank of America*, 2015 WL 5618048, at *3 (D. Utah Sept. 24, 2015), the court applied the more specific UCC statute of limitations in similar circumstances.  The

court concluded that the statute of limitations had not run because six years had not elapsed since the date of the acceleration. *Id.*

Plaintiffs, however, cite *Tasila v. Isbell*, 2015 WL 1467589, *2 (D. Utah March 27, 2015), in support of their argument that Defendant's non-judicial foreclosure should be barred as untimely. But in *Tasila*, the court ran the six-year statute of limitations from the date the trust deed matured, not the date the party failed to make payments. Therefore, *Tasila* does not support Plaintiffs' position.

Plaintiffs also rely on *Wells Fargo Bank N.A. v. Temple View Investments*, 2003 UT App 441, 82 P.3d 655, in which the Utah Court of Appeals concluded that "Wells Fargo has made no legitimate legal argument that its own delay in declaring default resulted in a unilateral extension of the note's due date. . . . Thus, Wells Fargo's action, brought more than six years after its cause of action accrued, was barred by the statute of limitations." *Id.* at 658-59. But in *Temple View*, the plaintiff was a lender who did not file suit until almost seven years after the promissory note's maturity date. *Id.* at 656. In order to survive the UCC's six-year statute of limitations, the lender argued that it had unilaterally extended the maturity date of the note by refusing to declare a default. *Id.* at 657. The Utah Court of Appeals rejected the lender's argument, holding that the note did not permit such unilateral extensions. *Id.*

The *Temple View* case is inapplicable to the present case because it did not involve the acceleration of the note. Rather, the case involved a lender who filed suit more than six years after the maturity date of the note. The court did not consider when the statute of limitations begins to run on a note that has not yet matured.

In *First Nat'l Bank v. Lahm*, 86 Conn. App. 403, 408-09, 861 A.2d 545, the Appellate Court of Connecticut, applying a similar UCC provision, found that the limitations period does

5

not commence until the final installment payment becomes due or the loan is accelerated. Acknowledging the difference between a note with a single due date and an installment loan with many due dates, the court held "[t]he fact that a cause of action may have accrued with respect to an installment in default does not necessarily mean that a cause of action has also accrued against future installments that are not even due." *Id.*

In this case, the statute of limitations began running in April 2012, when Wells Fargo accelerated the debt.  There is no basis under the UCC statute of limitations for finding that the statute of limitations began to run with the first defaulted payment.  The UCC statute of limitations clearly refers to the date of acceleration or the date of maturity.  Six years have not run from either of those dates.  Moreover, the Note does not require the Note Holder to accelerate the loan with the first missed payment.  Such a provision is to the borrower's benefit.  As in this case, such a provision allowed Naylor to do a loan modification and get the loan current after an initial default.  Thus, the fact that the Note gives the Note Holder discretion in determining when to accelerate the loan is not contrary to the public interest.

Under either version of Utah Code Ann. Section 57-1-34, Defendants actions in this case are proper.  Both the notice of default and notice of sale were timely made within the six-year UCC statute of limitations from the date the Note was accelerated.  Because the statute of limitations has not run and does not bar Defendant from conducting a non-judicial foreclosure, Plaintiff's Complaint fails to state a claim upon which relief may be granted.  All of Plaintiffs' claims are tied to the statute of limitations argument.  Therefore, the court grants Defendant's motion to dismiss and denies Plaintiffs' Motion for Reconsideration.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss Complaint [Docket No. 9]

is GRANTED and Plaintiffs' Motion for Reconsideration [Docket No. 15] is DENIED.  The Clerk of Court is directed to enter judgment in favor of Defendant and close the case.

DATED this 28th day of March, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge